UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SALLYE TURLEY                                                                                      PLAINTIFF

v.                                          No. 5:20-CV-05050

ANTHEM BLUE CROSS LIFE
AND HEALTH INSURANCE COMPANY, et al.                                        DEFENDANTS

**OPINION AND ORDER**

Before the Court is a motion (Doc. 40) to set aside the Clerk's entry of default of McKesson Corporation and McKesson Corporation Health Plan (collectively "McKesson") and a brief in support (Doc. 41). Plaintiff Sallye Turley filed a response (Doc. 42) and brief in opposition (Doc. 43). McKesson filed a reply (Doc. 46) with leave of Court.

Plaintiff initiated this action on March 20, 2020, against Anthem Blue Cross Life and Health Insurance Company. On July 20, 2020, Plaintiff filed an amended complaint naming McKesson Corporation and McKesson Corporation Health Plan as defendants. Plaintiff served McKesson Corporation on July 24, 2020 and McKesson Corporation Health Plan on July 27, 2020. McKesson Corporation and McKesson Corporation Health Plan failed to appear, answer, or otherwise respond, and the Clerk entered default on September 14, 2020. (Doc. 33). McKesson now moves to set aside default, arguing that good cause exists to set aside the default and that the Arkansas common-defense doctrine applies.

The entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c). This stems from a strong preference for adjudication on the merits and an interest in preserving the "fundamental fairness of the adjudicatory process." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). "When examining whether good cause exists, the district court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has

1

a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (internal quotation omitted). Plaintiff will not be prejudiced if the default is set aside. An administrative record has already been filed in this case and the deadlines in the Court's final scheduling order were stayed on July 23, 2020, upon Plaintiff's motion because Plaintiff's amended complaint added the McKesson defendants. This case is in an early posture, and Plaintiff having to conduct discovery on and litigate the claims she raises is not prejudicial. *Johnson v. Dayton Elec. Mf"g. Co.*, 140 F.3d 781, 785 (8th Cir. 1998). McKesson argues it has a meritorious defense because of the applicability of the Arkansas common-defense doctrine. *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (explaining the common-law defense doctrine in Arkansas states "that if an answering party asserts 'a defense on the merits that equally applies to the other defendant,' the success of the defense 'operates as a discharge to all the defendants.'" (citing *Sutter v. Payne*, 989 S.W.2d 887, 889 (Ark. 1999))). To the extent claims are raised against McKesson that are not raised against Anthem, based on any duties the law places on McKesson and not Anthem, it is inaccurate for McKesson to argue it has demonstrated a meritorious defense on this motion to set aside default. Again, however, this case is in an early posture and McKesson has not yet filed an answer denying any allegations against it because default must first be set aside for it to do so. Finally, McKesson has argued that the default was inadvertent, as McKesson did not believe itself a proper party and was trying to negotiate with Anthem to clarify the issue. Though McKesson is responsible for its own lack of diligence in failing to timely appear and answer or respond to the complaint, its culpability in this case does appear to be strategic. Ultimately, these factors do not overcome the Court's strong preference for

adjudication on the merits. The Court finds good cause to set aside the default of McKesson Corporation and McKesson Corporation Health Plan.

IT IS THEREFORE ORDERED that Defendants McKesson Corporation and McKesson Corporation Health Plan's motion to set aside the entry of default (Doc. 40) is GRANTED, and the Clerk's entry of default (Doc. 33) is SET ASIDE. These Defendants are directed to file their answer or response to the complaint by **Tuesday, October 20, 2020**.

IT IS SO ORDERED this 16th day of October, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE